UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARR                                                    CIVIL

VERUS                                                   NO. 10-1717

CAPITAL ONE, N.A.                                       SECTION "J" (5)

**ORDER AND REASONS**

Plaintiff *pro se* Jacqueline Carr ("Carr") filed a **Motion for Recusal (Rec. Doc. 9)** pursuant to 28 U.S.C. § 455. Plaintiff requests recusal prior to this Court's ruling on Plaintiff's Motion to Remand to state court. Also pending before the Court is Defendant Capital One, N.A. ("Capital One")'s **Motion to Dismiss (Rec. Doc. 8)**, to which Carr filed a **Response/ Memorandum in Opposition (Rec. Doc. 12)**. Additionally, Plaintiff Carr filed a **Motion to Remand (Rec. Doc. 10)**. Capital One filed a **Response/Memorandum in Opposition** to Plaintiff's Motion to Remand **(Rec. Doc. 10)**. Plaintiff Carr filed a **Reply** to Capital One's Response **(Rec. Doc. 15)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

It appears that about twenty years ago, First National Bank ("FNB") sued a borrower A.E. Carr, Jr. to recover under notes.[1] Hibernia was allowed to substitute itself as plaintiff on the grounds that it had purchased all of the assets and deposits of

---

[1] A.E. Carr was the father of the Plaintiff at bar (Rec. Doc. 1-1, at 2).

FNB. Hibernia prevailed in the lawsuit, which result was later affirmed on appeal with the First Circuit Court of Appeal of Louisiana. See First Nat. Bank v. Carr, 572 So. 2d 1106 (La. App. 1 Cir.1990). Hibernia then sought to revive the original judgment against A.E. Carr, filing an appropriate petition with the 22d Judicial District Court, Parish of St. Tammany, State of Louisiana ("22d JDC"). This petition was granted in 2009, after A.E. Carr had passed away. Plaintiff Jacqueline Carr appealed this decision, also filing the instant suit to annul the 2009 judgment. In connection with her annulment lawsuit, Carr asked for the recusal of the entire bench of the 22d JDC "due to the protracted nature of this proceeding (22 years)" (Rec. Doc. 1-1, at 4).

Capital One[2] was served on May 20, 2010 and timely filed a Notice of Removal based on the federal question raised in Carr's Complaint. The federal Question jurisdiction is based on Carr's allegations of the violation of her constitutionally guaranteed rights under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 in connection with the previous action for revival of judgment.

**THE PARTIES ARGUMENTS:**

    **Motion for Recusal**

According to Plaintiff, in 1986, she filed a lawsuit against

---

[2]Capital One is Hibernia's successor (Rec. Doc. 1-1, at 13).

2

the Louisiana State Bar Association ("LSBA") and its Committee on Professional Responsibility. Judge Barbier represented LSBA-the party adverse to Plaintiff in her 1986 law suit. Carr asserts that the 1986 law suit involved "procedural rules for disciplinary action against the Louisiana State Bar Association of 'closed' hearings" (Rec. Doc. 9). As attachments to her Motion for Recusal, Carr provides Exhibit A-the docket sheet for the 1986 civil action 86-4694, which lists Carl Barbier as counsel of record for LSBA; Exhibit B-the trial brief in the LSBA proceeding against Carr.

Carr avers that 28 U.S.C. § 455, one of the recusal statutes, is applicable in this case. 28 U.S.C. § 455 (b)(1) mandates that the judge "shall disqualify himself . . . where he has a personal bias or prejudice concerning a party." Plaintiff claims that Judge Barbier should recuse himself from the action at bar "[d]ue to the nature of the previous Federal proceeding (attorney conduct) and the fact that this Honorable Court, as a trial lawyer, questioned the right of Jacqueline Carr to an earned fee (40%)" in the above-mentioned case. Id. Further, Carr contends that "the impartiality of the Honorable Carl Barbier, in this Federal Removal, may reasonably be questioned as to prejudice, or personal bias, if any, this Court has toward Jacqueline Carr, plaintiff, in this proceeding, some twenty-four years later." Id.

3

**Motion to Remand**

Plaintiff seeks to remand her case back to state court on grounds of procedural removal defects. Plaintiff contends that removal was improper in accordance with 28 U.S.C. § 1446(a) because Defendant did not state sufficient facts to satisfy removal requirements.[3] Further, upon removal, Capital One failed to attach the exhibits to Plaintiff's original petition in state court. Moreover, Carr asserts that only a Defendant may remove a case or controversy to federal court under 28 U.S.C. § 1446(a). She urges this Court to re-align the parties in the original state lawsuit so as to find that Capital One is the Plaintiff and could not seek removal. Carr also argues that Capital One cannot remove this action to federal court because Louisiana state court did not have jurisdiction over the original petition for revival of judgment.

Capital One avers that the removal of this action to federal court is proper for several reasons. First, this Court has federal question jurisdiction because Plaintiff's claim asserts specific violations of her federal constitutional rights. Second, Capital One apologizes to the Court for their omission to attach the exhibit, arguing that such omission does not require remand. Finally, Capital One asserts that Carr is the Plaintiff in this

---

[3]Plainly, what Carr seems to say is that she did not allege enough facts upon which relief can be granted under the Fourteenth Amendment of the U.S. Constitution, thus making federal question jurisdiction debatable.

matter, so Capital One, as a defendant, was the proper party to seek removal.

**Motion to Dismiss**

Capital One seeks dismissal of Carr's claims pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure. It alleges that Carr's claims are barred by the doctrine of *res judicata*, that Carr's complaint fails to state a claim, and that Carr's claims have prescribed.

Carr asserts that the doctrine of *res judicata* is inapplicable because the previous judgment, currently on appeal with the First Circuit Court of Appeal, State of Louisiana, is an absolute nullity for want of both subject matter jurisdiction and personal jurisdiction. Since her lawsuit is a nullity action, Plaintiff does not perceive that *res judicata* bars the instant litigation. She also asserts that she was not a named party in the previous action and, hence, *res judicata* is inapplicable. Plaintiff further contends that her complaint states a cause of action under Louisiana state law for vices of form and substance because lawsuits for nullity of judgment are recognized by Louisiana law. Additionally, Carr argues that her lawsuit has not prescribed because she is suing to annul the judgment within one year of that judgment.

**DISCUSSION:**

**Motion for Recusal**

28 U.S.C. § 455 provides several grounds for disqualification of a judge. Plaintiff's Motion refers to two provisions. First, under 28 U.S.C. § 455 (a), any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Second, under 28 U.S.C. § 455 (b)(1), a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." The Fifth Circuit decisions recognize that "[t]he goal of the disqualification statute is to promote public confidence in the judicial system by avoiding even the appearance of partiality." Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988), cert. denied, 488 U.S. 984 (1988) (citing Health Services Acquisition Corp. v. Liljeberg, 796 F.2d 796, 800 (5th Cir.1986); Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir.1982), cert. denied, 464 U.S. 814 (1983)).

Unlike 28 U.S.C. § 144, which is another disqualification provision, section 455 does not require an affidavit by the affected party, merely imposing a duty directly on the judge to evaluate his own conduct. See 13D C. Wright, A. Miller & E. Cooper, Fed. Prac. & Proc. Juris. § 3550 (3d ed. Westlaw 2010). In response to a motion under section 455, a judge has an option to transfer the matter to another judge but he is not required to do so and it is entirely proper for the challenged judge to pass

6

on the matter himself. <u>Levitt</u>, 847 F.2d at 226 (5th Cir. 1988) (citation omitted). Furthermore, some decisions point out that the "challenged judge is most familiar with the alleged bias or conflict of interest" and that "[r]eferring the motion to another judge raises problems of administrative inconvenience and delay." <u>Chitimacha Tribe of Louisiana</u>, 690 F.2d at 1162 (citations omitted). "A recusal motion under both [sections 144 and 455] is committed to the sound discretion of the district judge." <u>Id.</u> at 1166.

The objective test under section 455(a) is as follows: "disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." <u>Levitt</u>, 847 F.2d at 226 (citing <u>Potashnick v. Port City Construction Co.</u>, 609 F.2d 1101, 1111 (5th Cir.), <u>cert. denied</u>, 449 U.S. 820 (1980); <u>Hall v. Small Business Administration</u>, 695 F.2d 175, 179 (5th Cir.1983); <u>United States v. Holland</u>, 655 F.2d 44, 46 (5th Cir.1981); <u>Whitehurst v. Wright</u>, 592 F.2d 834, 838 (5th Cir.1979)).

Plaintiff alleges that I should be disqualified because I was counsel to the side opposing Plaintiff in a case that was at bar twenty-four years ago. The 1986 case was completely unrelated to this lawsuit. Having thoroughly reviewed Plaintiff's Motion and the attached exhibits, I conclude that none of the facts and circumstances can rise to the threshold standard of "raising a

doubt in the mind of a reasonable observer as to [my] impartiality." Levitt, 847 F.2d at 226. Thus, recusal is not required under 28 U.S.C. § 455 (a). Furthermore, I can assure both parties that I have no "personal bias or prejudice" concerning Plaintiff Carr, which makes disqualification unnecessary under 28 U.S.C. § 455 (b)(1).

**Motion to Remand**

This Court finds that the removal by Defendant Capital One was proper under 28 U.S.C. § 1446. Plaintiff Carr's original complaint claims violations of constitutional rights by Defendant. As such, this Court has federal question jurisdiction over this action. Further, Capital One's omission to include an exhibit is not fatal to removal. Plaintiff herself cured the deficiency by attaching the exhibit in question to her Motion to Remand. Finally, this Court sees no merit in Carr's argument that she really is the Defendant in the case at bar. Carr filed a lawsuit against Capital One and is consequently the Plaintiff.

**Motion to Dismiss**

Having reviewed the record, this Court concludes that in this proceeding, Carr is attempting to re-litigate the same matters that are presently on appeal with the First Circuit Court of Appeal, State of Louisiana, docket number 2010-0273, First National Bank v. A.E. Carr, Jr. Therefore, since these matters are pending in another court of competent jurisdiction, this

Court is collaterally estopped from ruling on any of Carr's contentions.

The doctrine of *res judicata* precludes a court from litigating claims or causes of action that have already been before a court of competent jurisdiction. As explained by the Fifth Circuit, there are four essential elements for the doctrine of *res judicata* to apply: (1) same parties, (2) prior judgment by a court of competent jurisdiction (3) final judgment on the merits, and (4) same claims asserted in both actions. In re Ark-La-Tex Timber Co., Inc., 482 F.3d 319, 330 (5th Cir. 2007). "If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." Test Masters Educational Services Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005) (citing New York Life Insur. Co. v. Gillispie, 203 F.3d 384, 387 (5th Cir. 2000)).

Carr claims that she was not a party to the previous lawsuit and that *res judicata* is inapplicable. However, in her state court complaint she seeks to annul the revival of judgment, claiming that she "is affected by the Revival of Judgment" (Rec. Doc. 1-1, at 2). Moreover, Carr alleges that Defendant conspired to "deprive Jacqueline Carr in relation to her deceased Father, A.E. Carr, Jr. [*sic*] of substantive and procedural due process rights guaranteed under the Fourteenth Amendment." Id. at 17-18. Clearly, it is Jacqueline Carr's interest that is at stake in

both proceedings, so this Court concludes that the parties involved in both lawsuits are the same. Other elements of the *res judicata* doctrine are met as well because the previous final judgment on the merits was entered by a court of competent jurisdiction and the same claims were asserted in both actions. Plaintiff Carr merely disagrees with the holding of the first state court action and thus wants to re-litigate the issues, raising additional claims. Thus, it is clear to the Court that Defendant is correct in suggesting that this Court should refrain based on the doctrine of *res judicata* from entertaining the same issues already litigated by the parties in the first state court action. Therefore, this action should be dismissed based on the doctrines of collateral estoppel and *res judicata*.

For the foregoing reasons, it is **ORDERED** that Plaintiff's **Motion for Recusal (Rec. Doc. 9)** is **DENIED**, that Plaintiff's **Motion to Remand (Rec. Doc. 10)** is **DENIED**, and that Defendant's **Motion to Dismiss (Rec. Doc. 8)** is **GRANTED**.

New Orleans, Louisiana, this 17th day of August, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE