UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CARR | CIVIL |
|---|---|
| VERUS | NO. 10-1717 |
| CAPITAL ONE, N.A. | SECTION "J" (5) |

**ORDER AND REASONS**

Before the Court is Plaintiff Jacqueline Carr's **Motion to Reconsider (Rec. Doc. 17).**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dept. of Agric., 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003). A Rule 59(e) motion "calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). The Fifth Circuit Court of Appeals has held that such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 478-79. Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 479. Reconsidering a judgment

is "an extraordinary remedy that should be used sparingly." <u>Id.</u> This Court may properly decline to consider new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order. The Plaintiff has not argued any new facts or law nor has she indicated any manifest error in law.

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion for Reconsideration (Rec. Doc. 17)** is **DENIED**.

New Orleans, Louisiana this 21st day of September, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE